Birchard, C. J.
-The facts of the original case sufficiently appear in the report, 14 Ohio, 437.
The decree was in general terms, finding the equity of the case with the respondent, and dismissing the bill.
Two causes are assigned for the reversal of that decree: .
“ 1. Because the court held that the statutes of limitation so operate as to bar and extinguish complainant’s claim.
“ 2. Because the court found the equity of the case was with the defendant.”
The decree was so drawn, that in order to examine the second alleged cause of error, we have been compelled to re-examine the entire record. No fact was stated in the decree to have been found by the court. Under such circumstances, according to the usual practice of this court in such cases, the whole record and evidence have to bo reconsidered. The original bill set forth a contract of absolute sale by parol, with its terms, and sought a specific performance. This contract, in all its terms, was positively denied, and testimony was taken. On this controverted matter of fact the court wore not fully able to concur. Two members of the court thought the bill unsustained in the controverted matter, ono member thought otherwise, and another doubted. A reexamination has brought us to a unanimous opinion that the proof was wholly insufficient to ^sustain the bill. But one *123 •witness testifies in a manner to support the bill. Against his oath is opposed the equally direct and positive oath of the answer. And every other fact and circumstance connected with the case, is as well reconcilable with the statements contained in the answer, as with the allegations of the bill. For this reason the original decree was correct, and ought to be affirmed,
The remaining, or first cause assigned for error, nowhere appears upon the record. The assignment is inartificial—is based upon the opinion of the court, and if the opinion were erroneous could not affect the decision; for in that aspect the utmost that could be said would be, that this court gave a bad reason for a correct decision.
The counsel who prepared this case, supposes such to have been the nature of the opinion, and has labored with his usual ability to convince us of an error in the construction given to the statute of limitations. We appreciate the effort, and in this case, as in every other, consider it an act of kindness on the part of members of the profession, to represent a question at an early day, that they may suppose has been passed upon without due reflection.
In applying, by analogy, the provision of the statute limiting actions at law, it was held, that the action of comjfiainant was barred by lapse of time. Was there error in holding this opinion ? A majority of the court still answer in the negative.
The facts are these: The contract (assuming that it ever existed) was made in New York, and the cause of action accrued six years and some days before the bill was filed. By the statute of New York, no suit could have been maintained in that state after six years. If sued there, the bar would have been complete. The respondent was a resident of Albany at the making of the contract, and has ever since resided in the same place. The assignor of complainant, Forsyth, has always had his domicile in Ohio; but at the making of the contract was also in Albany. By ^section 4 of the statute, Swan, 555, it is declared that all actions founded on a contract made between parties resident without this state at the time such contract was made, and which are barred by the laws of such state, shall be barred when brought in this state. Under this provision the action against respondent is barred, or there is no law that could ever reach the case and prevent an action from being maintained at any time within fifty *124 years. It is not to be supposed, that the legislature intentionally meant that such a thing should happen ; and yet a technical construction of the term resident might bring us to such a conclusion. In general, the term residence implies the place of domicile, the place where a person has his home, and where he has gained a rcsi - donee. Sometimes it implies the place where a man temporarily resides, where he transacts business for a brief period. There is an obvious distinction between “ a person resident at the time,” and “ a person having gained a residence, or a settlement.” And in gathering the meaning of an act of legislation, the whole act must be taken together. The object to be attained must be considered, and if necessary to give force to it according to the true spirit and intention of the lawgiver, words having a general and a more limited signification may be enlarged or limited so as to meet the general object of the law. ¥o think the legislature intended to provide for a case like this, and that Forsyth, while in Albany, was a person “ resident without this state at the time such contract was made,” in the sense and within the meaning of those words as used in the statute, and as bearing upon the contract then made and there to be performed. True, he had a legal residence in Ohio at the same time. But it is not true that he was then actually resident in this state. Ho was non-resident, for the time, at the place of his legal residence. The courts of the locus contractus were always open to him; he knew where his debtor was to be found, and neglecting without cause to pursue Iris claim till after the laws'of that place barred the demand, he *has no right to complain when a court of equity pronounces it state.
Rathbone & Lane, for the complainant.
Young & Waite, for the defendant.
Demurrer sustained, and bill dismissed.