White, J.
The first ground relied on in this case for the reversal of the judgment is, that the charter of the plaintiff not being pleaded, it cannot be known by the court whether the loans in question were in violation of the charter or not.
In answer to this it is sufficient to say, that the only authority of the plaintiff to maintain the action is derived from its charter, which is required, by section 28 thereof, to “ be taken and received in all courts, and by all judges, magistrates, and all other public officers, as a public act.” 32 Ohio L. 68.
Section 7 of the charter requires the wdiole of the capital stock to be invested in bonds or notes drawing interest not exceeding seven per centum per annum, secured by unincumbered real estate within this state, of at least double the value in each case of the sum so secured. Section 19 Authorizes the trustees to invest “ the premium and profits received by the company and the moneys received by them in trust in government, or other public stocks of the United States or of any state, or in the stock of any incorporated city or in such real or personal securities as they may deem proper, or loan the same to any county, city, incorporated town or company.” The investments referred to in this section are investments otherwise than by way of loan; and the loans which the section authorizes to be made are limited to counties, cities, incorporated towns, or companies.
The loans now in question come within neither section 7, nor section 19, but under section 23 of the act. The section last named provides that the company may lend money “ on notes or obligations, or such other securities as the said trustees may require, at a rate of interest not exceeding six per cent. *196 per annum. If said company shall suspend payment on its bills or notes, in silver or gold coin, lawful money of the United States, for more than thirty days, or shall demand and receive a greater rate of interest in any case than seven per cent, per annum, its charter shall be thereby forfeited.”
The language used in this section prescribing the rate of interest at which loans may be made is substantially the same as that used in the charter of the Chillicothe Bank in the case of Bank of Chillicothe v. Swayne, 8 Ohio, 257. The language of the charter in that case was, “ The said corporation shall not take more than at the rate of six per centum per annum, on its loans or discounts; ” and the court held that the bank had no capacity to loan money at a higher rate, and that, if a loan at a higher rate be effected by discounting a bill of exchange, no recovery could be had thereon. That case was decided in 1838, and contains an elaborate discussion of the question involved, and has ever since been recognized as authority in this State. Creed v. Commercial Bank, 11 Ohio, 489; Miami Exporting Co. v. Clark, 13 Id. 1, 17, 21; Bank of Wooster v. Stevens, 1 Ohio St. 233; Preble County Bank v. Russell, Id. 313, 320; Russell v. Failor, Id. 329; Straus v. Eagle Ins. Co., 5 Id. 59; Union Bank of Massillon v. Bell, 14 Id. 209; First National Bank v. Garlinghouse, 22 Id. 502.
The same principle had previously been decided by the supreme court of the United States, in the case of the Bank of the United States v. Owens, 2 Peters, 257. The authority of the case last named is fully recognized by the same court in Tiffany v. Boatman’s Institution, 38. Wall. 375. In the opinion in that case the court say: “The defendant is by its charter authorized to lend money on interest, but is forbidden to exact more than eight per cent, for the loan. No penalty is prescribed for transgressing the law, nor does the charter declare what effect shall be given to the usurious contract. This effect must, therefore, be determined by the general rules of law. The modern decisions in this country are not uniform on the question whether, if the bank takes more than the rate prescribed, the contract shall be avoided or not on these general rules ; nor is this a matter of surprise if we consider the *197 growing inclination to construe statutes against usury so as not to destroy the contract. It is, however, unnecessary to review these cases, or the earlier ones in England and in this country which uniformly hold that the contract is avoided, because this court has in the case of Bank of the United States v. Owens, decided the question.
“ The bank in that case brought suit upon a promissory note that was discounted at a higher rate of interest than six per cent., which was the limit allowed by its' charter upon its loans or discounts. The charter, like that of the Boatman’s Institution did not declare void any contract transcending the permitted limits, nor affix any penalty for the violation of the law.
“ It was contended in that case, as it has been in this, that a mere prohibition to take more than a given per cent, does not avoid a contract reserving a greater rate, and that, when a contract is avoided, it is always in consequence of an express provision of law to that effect. But the court held otherwise, and decided that such contracts are void in law upon general principles; that there can be no civil right where there is no legal remedy, and that there can be no legal remedy for that which is illegal. Chief Justice Taney, in the Maryland circuit, as late as 1854, in a similar case held similar views, and supported them by the decision in this case. Dill v. Ellicott, Taney Circuit Court Dec. 233.” See also Pearce v. Railroad Co., 21 How. (U. S.) 441; Ashbury Railway Carriage and Iron Co. v. Riche, L. R, 7 Eng. & Ir. App. Cases, 653; Attorney-General v. Great Eastern Railway Co., L. R. 5 App. Cases. 473; Thomas v. Railroad Co., 101 U. S. 71.
But the principle decided in Bank of Chillicothe v. Swayne is recognized by this court as applying to the charter now in question in the case of Bank of Ashland v. Jones, 16 Ohio St. 145. The question in that case w'as, whether the present plaintiff in error acquired the bonds in question by way of purchase, or for a loan of money at an illegal rate of interest. The court below held that the bonds were taken by the company in the mode last mentioned and held them void for that reason. This court reversed the judgment on the sole ground, *198 that the transaction was not a loan, but a purchase of the bonds. Two members of the court dissented on the ground that the' transaction was a loan of money, and not a sale of bonds at a rate of interest above that allowed by the charter. The only difference between the majority of the court and the minority was as to the character of the transaction, but all agreed, that if the bonds were taken by the company for a loan of money they were void in the hands of the company.
The decisions as to the effect of agreeing for unlawful interest under the National Banking Act have no bearing on the question now under consideration. For, as was said by this court in the case of the First National Bank of Columbus v. Garlinghouse, 22 Ohio St. 502, the forfeiture provided for in that act “ is expressly limited to the interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In thus limiting the forfeiture to the interest, the right of the bank to the principal is necessarily implied. And so far as the argument as to the entire invalidity of the note is founded on the supposed want of power or capacity in the bank, it is enough to say that authority implied is as effective and available as authority expressly conferred.
“The statute operates on the instrument given for the loan, and, in effect, declares it to be invalid as to the entire interest, but valid and binding as an obligation for the payment of the principal.”
Upon the same principle it is claimed by the plaintiff in error, that the only effect of stipulating for an unlawful rate of interest under the charter now in question is the forfeiture of the charter. We think the provision in the charter in relation to forfeiture will bear no such construction. Its effect is not to validate an instrument, in whole or in part, that wrould, in the absence of the forfeiture clause, have been invalid, but to enforce upon the company additional motives for observing in the management of its business the requirements of its charter.
No question arises in this case as to the right of the company to sue for the recovery of the money from the principal *199 who received it. The action in this case, as in the case of the Chiliieothe Bank, is brought on the intruments given for the loan, which being void constitute no cause of action. See Pearce v. Railway Company, 21 How. supra, 441, 444; Miami Exporting Co. v. Clark, 13 Ohio, 1, 19.

Judgment affirmed.